# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

BERRY ISAAC MORROW                                                                                        PLAINTIFF
ADC #143825

V.                                        NO: 5:10CV00285 SWW/HDY

ARKANSAS DEPARTMENT
OF CORRECTION *et al.*                                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.
2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, challenging a disciplinary citation that resulted in him receiving punitive time and a class reduction.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff, he was charged with, and convicted of, a disciplinary code violation when he refused to work on March 30, 2009. Plaintiff claims the disciplinary was improper, because he was physically unable to perform the work he was ordered to do.[1] Plaintiff was reduced in class, and was made to serve 15 days in "punitive isolation." Plaintiff asserts that his due process rights were violated when certain evidence was not considered, and he seeks reversal of the disciplinary conviction, along with any other relief to which he may be entitled. Because Plaintiff has not identified any sanction which would invoke the protections of due process, and because an improper disciplinary conviction alone is not a constitutional violation, Plaintiff's complaint should be dismissed.

Plaintiff has not shown that he had a recognized liberty or property interest at stake that would entitle him to due process protection. Plaintiff received 15 days of punitive confinement and

---

[1] To the extent that Plaintiff asserts that his medical care failed to meet constitutional standards, or that he has been forced to work beyond his physical abilities, the Court observes that he articulates those claims in more detail in *Morrow v. Arkansas Department of Correction et al.*, 5:10CV286, and he should pursue such claims in that case.

a reduction in class as a result of the disciplinary conviction. A reduction in class does not implicate a liberty interest. *See Madewell v. Roberts*, 909 F.2d 1203, 1207 (8th Cir. 1990)(noting that an inmate has no right to any particular class status); *Strickland v. Dyer*, 628 F.Supp. 180, 181 (E.D. Ark. 1986)(finding that because Arkansas case law does not protect a prisoner's right to any particular classification and there is no federally protected right regarding classification, inmate could not prevail on claim that he was deprived of due process due to disciplinary penalty of two-step class reduction). Likewise, a 15 day punitive confinement does not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit has "consistently held that administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). *See also Wycoff v. Nichols*, 94 F.3d 1187, 1188-90 (8th Cir. 1996)(no liberty interest arose when Plaintiff served 45 days in administrative confinement before disciplinary decision reversed).

In the absence of a liberty or property interest at stake which would entitle Plaintiff to due process protections, he is left only with a claim that the disciplinary was improper. However, even a false disciplinary is not itself a constitutional violation. *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989)(*citing Freeman v. Rideout*, 808 F.2d 949, 951-52 (2nd Cir. 1986), cert denied, 458 U.S. 982 (1988)). Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim

upon which relief may be granted.

    2.    This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

    3.    All pending motions be DENIED.

    4.    The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __8__ day of October, 2010.

                                                                                    UNITED STATES MAGISTRATE JUDGE